## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

S.B.,

    *Plaintiff*,

    v.

OXFORD HEALTH INSURANCE, INC.

    *Defendant*.

No. 3:17-cv-1485 (MPS)

## ORDER ON MOTION TO REMAND

Plaintiff S.B., a minor at all times relevant to this action, brought this suit against Defendant Oxford Health Insurance, Inc. ("Oxford") under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA") for denial of health care benefits due under a qualifying employee welfare benefit plan. (*See generally* ECF No. 18.) S.B. moves to remand her claim to Oxford for further administrative review. (ECF No. 41.) Specifically, S.B. argues that Oxford failed to conduct a full and fair review by failing to adequately communicate to S.B. its August 6, 2015 decision denying her second-level appeal, by repeatedly failing to send correspondence to S.B.'s counsel, and because the responses Oxford did send to S.B.'s counsel were inadequate. (ECF No. 41 at 12.) In addition, S.B. argues that Oxford did not sufficiently develop the administrative record because it failed to consider additional treatment records S.B.'s counsel submitted in March 2016 (*i.e.*, after the August 6, 2015 decision denying S.B.'s second-level appeal). (ECF No. 41 at 8, 13–14.) Oxford argues in opposition that it considered all the documentation S.B. submitted before issuing its August 6, 2015 decision, that no legal basis exists for remanding the case to consider later-submitted records, and that S.B.'s alleged non-receipt of the August 6, 2015 decision neither violated applicable regulations nor prejudiced S.B. (ECF No. 44 at 4–5.) S.B. submitted a reply brief along the same lines, which the Court has also reviewed. (ECF No. 45.)

The Court concludes that remanding the case would be premature, because the Court may consider each of S.B.'s arguments in deciding the parties' dispositive motions on the merits, and no authority requires this Court to remand before considering on dispositive motions whether the administrator's decision was proper. As some of the cases cited by S.B. show, courts may consider on summary judgment whether a claimant was given "full and fair review," and may remand to the administrator if not. *See Buffonge v. Prudential Ins. Co. Of Am.*, 426 F.3d 20, 30–32 (1st Cir. 2005) (reversing grant of summary judgment and remanding to administrator because administrator's reliance on faulty evidence rendered the administrator's decision arbitrary and affected the integrity of the decision-making process); *Hoffman v. Screen Actors Guild-Producers Pension Plan*, 571 F. App'x 588, 590 (9th Cir. 2014) (reversing denial of summary judgment and remanding to administrator because the failure to obtain independent medical analysis constituted a "denial of a full and fair review of [plaintiff's] claim [which] prevented full development of the administrative record"); *see also Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008) (affirming grant of summary judgment where remanding claimant's denial of "full and fair review" based on "nondisclosure[s], misleading statements, and untimely responses" would be futile). This Court also has discretion to consider on dispositive motions additional evidence outside of the record upon a showing of good cause, including "if the plan's failure to comply with the claims-procedure regulation [29 C.F.R. § 2560.503-1] adversely affected the development of the administrative record." *See Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 60 (2d Cir. 2016). In other words, both of S.B.'s arguments may be addressed at the summary judgment stage.

Further, the Court's review of Second Circuit precedent indicates only that remand is one available remedy if the court concludes on the merits that the administrator's decision was flawed,

not that remand is preemptively required prior to considering the full record. *See Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 490 (2d Cir. 2013) ("Our precedents make clear that even where we conclude a plan administrator's finding was arbitrary and capricious, we will typically not substitute our own judgment, but rather will return the claim for reconsideration unless we conclude that there is no possible evidence that could support a denial of benefits." (internal quotation marks and citation omitted)). The in-Circuit district court cases S.B. cites for this proposition are not to the contrary. (ECF No. 45 at 4.) *See Benjamin v. Oxford Health Ins.*, Inc., No. 3:16-CV-00408 (CSH), 2018 WL 3489588, at *8–9 (D. Conn. July 19, 2018) (concluding on cross-motions for summary judgment that denial of benefits was arbitrary and capricious and remanding to administrator for further consideration) (citing *Miles*, 720 F.3d at 490); *Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 633–34 (N.D.N.Y. 2016) (denying cross-motions for summary judgment on improper denial of benefits claim for insufficient information and remanding to claims administrator for further development of the record).[1]

Accordingly, S.B.'s motion to remand is DENIED without prejudice. (ECF No. 41.) The Court will decide the parties' cross-motions for summary judgment in due course.

IT IS SO ORDERED.

    /s/
    Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            February 8, 2019

---

[1] The other, out-of-district cases S.B. cites that grant a motion to remand before dispositive motions are not binding on this Court and the Court declines to follow them at this time. (ECF No. 45 at 3–4.)