UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| S.B.,<br>    *Plaintiff*,<br>    v.<br>OXFORD HEALTH INSURANCE, INC.<br>    *Defendant*. | No. 3:17-cv-1485 (MPS) |

**RULING ON MOTION FOR ATTORNEYS' FEES**

**I. INTRODUCTION**

In this case under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, I earlier granted in part and denied in part the summary judgment motion of Plaintiff S.B. ("Plaintiff"), remanding the matter to Defendant Oxford Health Insurance, Inc. ("Oxford") for further consideration of Plaintiff's claims to coverage for residential mental health treatment under an employee benefit plan. (ECF No. 64). In the same order, I denied Oxford's motion for summary judgment. The Plaintiff now seeks attorneys' fees and costs under 29 U.S.C. § 1132(g). For the reasons set forth below, I GRANT IN PART AND DENY IN PART Plaintiff's motion and order that Oxford pay Plaintiff $42,580.55 in attorneys' fees and costs.

I assume familiarity with my summary judgment ruling, as well as the parties' briefs and exhibits submitted in connection with the motion for attorneys' fees and costs.

**II. LEGAL STANDARD**

Following a suit for disgorgement of benefits under ERISA, a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The

Supreme Court has clarified that it is only appropriate to award costs and fees to a party that has "achieved some degree of success on the merits." *Hardt v. Reliance Standard Life* Ins*. Co.*, 560 U.S. 242, 245 (2010). "After *Hardt*, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion." *Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014). If they choose to do so, courts may "look beyond 'success on the merits,' to consider other factors in deciding whether to award fees. *Id.* In the Second Circuit, those other factors, known as the *Chambless* factors, are the following:

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.*

If the Court decides to award attorneys' fees, it must then determine an amount that is reasonable. In doing so, it applies a "lodestar analysis, which calculates reasonable attorney's fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate." *Benjamin v. Oxford Health Ins., Inc.*, 355 F. Supp.3d 131, 141 (D. Conn. 2019) (internal quotation marks omitted; citing cases). "In general, the lodestar looks to the prevailing market rates in the relevant community. When calculated in this manner, such fees are presumptively reasonable, and generally only subject to enhancements in rare and exceptional circumstances." *Id.* (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. An Award of Fees is Proper in this Case

Oxford does not seriously dispute that Plaintiff "achieved some degree of success on the merits" in this case by winning a remand. (ECF No. 67 at 9.) In any event, it is plain that she did. After considering the parties' summary judgment briefs, I found that Oxford's failure to conduct an inquiry into whether residential treatment was medically necessary to treat Plaintiff's eating disorder was arbitrary and capricious, that "it was arbitrary and capricious for Oxford to reject [the healthcare provider's] well-reasoned, specific, and substantiated explanation for the necessity of residential treatment to treat Plaintiff's eating disorder, in favor of its own cursory analysis, much of which was of limited relevance to the standard of medical necessity set forth in the Plan," and that Oxford was required, on remand, to reconsider the evidence, "applying the appropriate definition of medical necessity." *S.B. v. Oxford Health Ins., Inc.*, 419 F. Supp.3d 344, 368 (D. Conn. 2019). In doing so, I adopted many of Plaintiff's arguments. Such a remand order is enough to constitute "some degree of success on the merits." *See, e.g., Hughes v. Hartford Life and Accident Ins. Co.*, 2020 WL 563364 at *2 (D. Conn. Feb. 5, 2020) ("The remand here was to allow for a full and fair review of Hughes's claim that she did not receive in the first place. It is sufficient to constitute 'some success on the merits' for Hughes."); *Benjamin v. Oxford Health Ins., Inc.*, 2018 WL 3489588 * 11 (D. Conn. July 19, 2018) ("I am convinced by the reasoning of the other courts which have found remand simpliciter sufficient to qualify as 'some degree of success on the merits.'" (footnote omitted; citing cases)).[1] An award of fees and costs is, therefore, warranted.

**B. Details of the Fee Request**

The attorneys' fees awarded must, however, be "reasonable." 29 U.S.C. § 1132(g)(1). Oxford argues that S.B.'s request for fees is unreasonable because (1) it includes fees for time

---

[1] As in *Dwinnell v. Federal Express Long Term Disability Plan*, 2017 WL 1371254, at *2 (D. Conn. April 14, 2017), I need not decide whether a remand on a purely technical issue would qualify as "some success," because this case was not remanded on a mere technicality.

spent by plaintiffs' counsel on the matter before filing this action; (2) it includes time spent on an unsuccessful remand motion filed before the motion for summary judgment was adjudicated; (3) it includes work devoted to the present motion for attorneys' fees and costs; and (4) plaintiff's counsel's hourly rates exceed the prevailing rates charged by attorneys practicing in this District. Taking these in reverse order, I agree that the fee award should be limited to hourly rates that would be reasonable in this district and reduce the award accordingly; I find that the plaintiff may collect fees related to her prosecution of this motion; I exclude the time spent on the remand motion, which I agree was unnecessary; and I exclude any pre-litigation time not clearly related to the litigation (such as drafting the complaint).

   1. *Hourly Rates*

While I accept plaintiff's counsel's representations that they specialize in ERISA litigation, have substantial expertise in that area, and have experience directly relevant to this case, *i.e.*, in handling claims for benefits related to eating disorders, this is simply not enough to warrant the large departure from plaintiff's counsel's rates and those that prevail in the District of Connecticut. *See Benjamin*, 355 F. Supp.3d at 142 ("[I]n general, a reasonable hourly rate is one based on prevailing fees in the district where the case is litigated …." (internal quotation marks omitted)). ERISA is not so specialized an area of law that competent counsel cannot be found in this District, and the fact that the case involved an eating disorder does not remove it from the purview of the ordinary ERISA principles I applied in the summary judgment ruling. Therefore, I limit the hourly rates of plaintiff's legal team so that they conform to the rates of competent, experienced ERISA attorneys practicing in this District, as follows:

   Attorney Kantor: $450

   Attorney Sessions: $400

Attorney Green: $400[2]

2. *Remand Motion*

The remand motion did not advance the ball in this case and was, frankly, unnecessary. As noted in the remand ruling (ECF No. 61), the same arguments made in the remand motion could have been (and were) made in the dispositive motions. There was no need to file the remand motion in this case, and so the Court declines to award fees for that aspect of plaintiff's counsel's work. The Court has therefore excluded the time entries from June 20, 2018 through August 1, 2018, all of which relate to the motion to remand. *See* ECF No. 66-2 at 88.

3. *Fees Related to the Present Motion*

The plaintiff is entitled to an award of fees to cover the work needed to secure the award of fees. A contrary ruling would discourage the parties from working cooperatively, and without court involvement, to arrange for payment of reasonable attorneys' fees following one party's achieving "some degree of success on the merits." It also might encourage defendants to resist plainly meritorious fee applications.

4. *Pre-litigation Time*

"ERISA authorizes the award only for fees incurred in relation to a suit filed in a court of competent jurisdiction." *Peterson v. Continental Cas. Co.*, 282 F.3d 112, 121 (2d Cir. 2002). This includes "time spent drafting the complaint …, even though it occurs prior to filing." *Id.* at n.5. "[A]wards for pre-filing fees should be carefully reviewed so that they do not swallow the general rule that the decisive event triggering eligibility for fee awards pursuant to § 1132(g)(1) is the

---

[2] These adjusted rates are in line with the adjustments my colleague, Judge Haight, made in a similar case involving some of the same attorneys last year. *See Benjamin*, 355 F. Supp.3d at 144 (adjusting Attorney Kantor's rate to $425 and Attorney Sessions' rate to $375). Because of the passage of time, and the fact that attorneys' rates in the marketplace often are increased on an annual basis, I have made a modest upward adjustment.

filing of a complaint in a court of competent jurisdiction." *Id.* In accordance with these principles, I have excluded the March 24 and March 25, 2015 time entries from the fee calculation. *See* ECF No. 66-2 at 84.

   5. *Calculation*

After taking into account the adjustments set forth above, I calculate the reasonable attorneys' fees owing by Oxford in this case as follows[3]:

| **Attorney** | **Adjusted Hours** | **Adjusted Rate** | **Subtotals & Total** |
|---|---|---|---|
| Attorney Kantor | 10.9 hours | $450/hr. | $4,905 |
| Attorney Sessions | 2.1 hours | $400/hr. | $840 |
| Attorney Green | 90.5 hours | $400/hr. | $36,200 |
|  |  |  | Total = $41,945 |

Plaintiff's counsel has also submitted evidence of costs totaling $635.55 (ECF No. 66-2 at 92), which, when added to the adjusted fee total set forth above, amounts to a total award of $42,580.55. Accordingly, I order that Oxford pay Plaintiff an amount of fees and costs totaling $42,580.55.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         April 8, 2020

---

[3] *See* ECF No. 66-2 at 90, with adjustments set forth above.